UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

**FILED**

MAY 17 2005

CLERK

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

|  |  |  |
|---|---|---|
| | * | |
| ABRAHAM STANFORD, JR., | * | CIV 04-4106 |
| | * | |
| Petitioner, | * | |
| | * | MEMORANDUM OPINION |
| -vs- | * | AND ORDER |
| | * | |
| UNITED STATES OF AMERICA, | * | |
| | * | |
| Respondent. | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

Petitioner, Abraham Stanford, Jr., pursuant to 28 U.S.C. § 2255, has filed a motion to vacate, set aside or correct the sentence imposed upon him in CR 03-40079. Doc. 1. Petitioner has also filed a supplement to the motion. Doc. 2. The Government has submitted a response to the motion and a supporting memorandum. Doc. 5, 6. Petitioner has filed a reply to the response. Doc. 8 For the reasons set forth below, the motion to vacate, set aside or correct the sentence is denied.

## FACTUAL AND PROCEDURAL BACKGROUND

In a one-count Indictment, which was filed on September 17, 2003, Petitioner was charged with violating 18 U.S.C. § 922(g)(1) for knowingly possessing a firearm after having previously been convicted of a crime punishable by imprisonment for a term exceeding one year. On October 23, 2003, Petitioner filed a petition to plead guilty to the Indictment. In the factual basis to the petition to plead guilty, Petitioner stated:

> [O]n or about May 29, 2003, at Sioux Falls, in the District of South Dakota, the Defendant, having previously been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess a firearm, namely, a Maverick Arms, Model 88, 12-gauge shotgun, bearing serial number MV31242A, which had been shipped and transported in interstate commerce.

Counsel for Petitioner submitted seven objections to the Presentence Investigation Report and filed a 16-page sentencing memorandum on Petitioner's behalf. Based on some of the

objections, the criminal history category was reduced. Petitioner's Objection Number 6 to the
Presentence Investigation Report provided in part:

> Mr. Stanford objects to the assessment of criminal history points for
> all felony convictions and all misdemeanor convictions entailing a
> jail sentence where the record establishes neither representation by
> counsel nor knowing, voluntary and intelligent waiver of counsel, and
> where <u>Mr. Stanford has no independent recollection of either</u>.

(Emphasis added).

At Petitioner's sentencing, the Court denied in part and granted in part Objection Number
6. The Court cited to *United States v. Stapleton*, 316 F.3d 754, 756 (8th Cir. 2003), a case in which
the Eighth Circuit stated: "Once the government met its initial burden of proving that Stapleton was
convicted, the burden shifted to him to prove by a preponderance of the evidence that his convictions
were constitutionally invalid." The Court advised that the defense needed to present supporting
evidence if the defense were to prevail on Objection Number 6. No evidence was presented. The
Court noted that Petitioner was convicted of the felonies listed in paragraph 30 of the Presentence
Investigation Report in state court in Florida years after the United States Supreme Court handed
down its decision in *Gideon v. Wainwright*, 372 U.S. 335 (1963). The Court further stated that given
that *Gideon v. Wainwright* involved a Florida state court conviction , there was no reason to believe
that counsel was not appointed or retained in the Florida felony convictions. The Court gave
Petitioner the benefit of the doubt on the issue of representation by counsel or waiver of counsel in
the misdemeanor convictions listed in paragraphs 32 and 34 of the Presentence Investigation Report
and did not assign any points for these convictions. When Petitioner was asked by the Court if he
had anything to say before sentencing, Petitioner responded that he did not. Petitioner at no time
asserted that he had not been represented in any of the convictions in issue. The Court sentenced
Petitioner to imprisonment for a term of thirty-seven months.

In Petitioner's motion to vacate, set aside or correct the sentence imposed upon him in CR
03-40079, Petitioner contends that his counsel was "grossly incompetent when he did not point out
to the judge that defendant's exhibit A, B and C were no good because I did not have any legal
representation, and he also tell me that I had no grounds for an appeal." Doc.1.The Court assumes
that Petitioner is referring to exhibits A, B and C to the 16-page sentencing memorandum counsel

submitted on Petitioner's behalf. These exhibits contain judgments pertaining to Petitioner's 1979 felony convictions. Petitioner, in setting forth his remaining grounds for relief under 28 U.S.C. § 2255, lists the following provisions of the Sentencing Guidelines: U.S.S.G. §§ 2K2.1(b)(2), 4A1.3, 5K2.0(c), and 5K2.11. In his supplement to his Section 2255 petition, Petitioner contends that he would not have plead guilty to the felon in possession charge if counsel had been competent and Petitioner had known that the felony or felonies that supported the felon in possession charge were invalid because he was not represented by counsel.

## DISCUSSION

A defendant who claims to have been deprived of the effective assistance of counsel must show: (1) that his lawyer's representation fell below an objective standard of reasonableness; and (2) that the lawyer's deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 694 (1984). Judicial review of trial counsel's effectiveness is highly deferential, and this Court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689; *Johnson v. United States*, 278 F.3d 839, 842 (8th Cir. 2002).

A. Issues Regarding Application of the Sentencing Guidelines

Although Section 2255 provides relief in cases in which the a sentence is in excess of the maximum term allowed by law, Section 2255 is not available to provide relief in cases which present "garden-variety Sentencing Guidelines application issues." *Auman v. United States*, 67 F.3d 157, 161 (8th Cir. 1995). In addition, "[c]ollateral proceedings under 28 U.S.C. § 2255 cannot be made to do service for an appeal." *United States v. Ward*, 55 F.3d 412, 413 (8th Cir. 1995).

Counsel, in fact, in objection # 6, objected to the assignment of criminal history points for sentences in which the record does not establish either representation by counsel or a knowing, voluntary and intelligent waiver of counsel. Counsel, in fact, was partially successful in this objection. Furthermore, Counsel argued in objection #7 that the weapon in issue was a hunting weapon which was never used and was not possessed until nearly fifteen years after Petitioner's release from incarceration, and further argued that Petitioner's conduct took his case out of the heartland, warranting a departure under U.S.S.G § 5K2.0.

Petitioner did not present any facts in his petition that would justify a departure under

U.S.S.G § 5K2.11 for committing a crime in order to avoid a perceived greater harm. Likewise, Petitioner did not present any facts in his petition that would support a downward departure under U.S.S.G § 4A1.3(b)(1) for a criminal history category which substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant would commit another crime.

Counsel was not ineffective for failing to raise the above Sentencing Guidelines objections which were not raised at Petitioner's sentencing. Nor was counsel ineffective for declining to recommend an appeal from the denial of objections that were made at Petitioner's sentencing. Petitioner is not entitled to relief under Section 2255 for the Sentencing Guidelines issues he raises.

B. Issue Regarding Entering a Plea for the Felon in Possession Charge

Petitioner contends that he would not have plead guilty to knowingly possessing a firearm after having previously been convicted of a crime punishable by imprisonment for a term exceeding one year if his counsel had been competent and advised him that the underlying felonies were invalid because he had not been represented by counsel. However, even assuming Petitioner was not represented when convicted of the underlying felonies, the underlying felonies were still valid predicates for the plea on the felon in possession charge.

In *Lewis v. United States*, 445 U.S. 55 (1980), the United States Supreme Court held that the federal firearms statute prohibits a felon from possessing a firearm even if the predicate felony may be subject to collateral attack on constitutional grounds. In reaching this holding the Supreme Court concluded that "Congress could rationally conclude that any felony conviction, even an allegedly invalid one, is a sufficient basis on which to prohibit the possession of a firearm." *Id.* at 66. The Supreme Court also concluded that a defendant with an invalid felony conviction must clear his status before he obtains a firearm. *Id.* at 64; *see also United States v. Elliott*, 128 F.3d 671 (8th Cir. 1997). Counsel was not ineffective by declining to counsel against Petitioner's guilty plea since the felony convictions were valid predicates for a felon in possession conviction.

C. Certificate of Appealability

When the district court has denied a motion under 28 U.S.C. § 2255, the petitioner may not appeal without a certificate of appealability. Such a certificate may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). A

4

"substantial showing" under this section is a showing that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In other words, a "substantial showing" is made if "a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Petitioner has not made a substantial showing that his counsel was constitutionally ineffective in representing him. Accordingly,

IT IS ORDERED:

1.     That the Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, (Doc. 1) is DENIED;

2.     That a Certificate of Appealability shall not issue on any of the issues raised in the § 2255 motion; and

3.     That the request for extension (Doc. 7) is denied as moot.

Dated this 17ᵗʰ day of May, 2005.

BY THE COURT:

ATTEST:
JOSEPH HAAS, CLERK
BY: _Shelly Margulies_
(SEAL)        DEPUTY

Lawrence L. Piersol
Chief Judge

5